UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES JONES, )
 )
  Plaintiff, )
 )
 v. ) No. 4:05-CV-1083-CEJ
 )
GARY SINGER, et al., )
 )
  Defendants. )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of James Jones for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Gary Singer (physician), Tricia Pavlopoulos (physician), Teresa Harrison (employee at the Mid Rivers Dialysis Center), Tina Unknown (nurse), Trevia Unknown (social worker), Marsha Dodson, John Subashcha (physician), Julia Unknown (nurse), and Julie Unknown (nurse). Plaintiff claims that he is "a kidney patient," and that he had been receiving dialysis at the Mid Rivers Dialysis Center for approximately six years. He alleges that defendants committed medical malpractice and were deliberately indifferent to his serious medical needs, in violation of his First, Fifth, Eighth, and Fourteenth Amendment rights.

2

At the outset, the Court notes that plaintiff and all named defendants are citizens of the State of Missouri. As such, diversity of citizenship is lacking, and therefore, subject matter jurisdiction does not exist under 28 U.S.C. § 1332. Moreover, to the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1983, he has failed to allege that defendants acted under color of state law in committing the actions which form the basis of the complaint. <u>See, e.g.</u>, <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). For these reasons, the case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>James Jones v. Gary Singer, Tricia Pavlopoulos, Teresa Harrison, Tina Unknown, Trevia Unknown, Marsha Dodson, John Subashcha, Julia Unknown, and Julie Unknown</u>.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks subject matter jurisdiction over this action. <u>See</u> 28

U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 21st day of September, 2005.

                                             _____
                                             **UNITED STATES DISTRICT JUDGE**